**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Jonathan Andrew Perfetto

     v.                          Civil No. 22-cv-128-JL-AJ

Nicholas Duffy, Director, New Hampshire
Department of Corrections, et al.[1]


**Report and Recommendation**

Jonathan Perfetto, who is proceeding pro se and in forma pauperis, is a New Hampshire Department of Corrections ("NHDOC") prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana. He has filed a complaint (Doc. No. 1) under 42 U.S.C. § 1983 asserting claims against the NHDOC Interstate Compact Coordinator, the NHDOC Parole Board Chairman, members of the NHDOC Parole Board, counsel for the NHDOC, Case Managers at the New Hampshire State Prison ("NHSP"), and Case Managers at the Northern New Hampshire Correctional Facility ("NCF"). The

---

[1] Plaintiff Jonathan Andrew Perfetto has identified the following New Hampshire Department of Corrections ("NHDOC") employees as defendants to this action: NHDOC Commissioner Helen Hanks, NHDOC Directors Nicholas Duffy and Christopher H. Kench, NHDOC Medical and Forensics Director Paula Mattis, NHDOC Education Director Laura Hardwick, NHDOC Interstate Corrections Compact Coordinator John/Jane Doe, New Hampshire State Prison Case Counselor/Case Manager ("CC/CM") Joseph Irrizary, Northern New Hampshire Correctional Facility CC/CM Christine Bump, NHDOC Parole Board Chairman Jennifer Sargent, NHDOC Parole Board members Roger Phillips and Horace F. Enriques, and Legal Counsel John/Jane Doe.

complaint is before the undersigned Magistrate Judge for preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a), and LR 4.3(d)(1).

### Preliminary Review Standard

The court conducts a preliminary review of complaints filed by prisoners seeking relief from government agents.  See LR 4.3(d)(1); see also 28 U.S.C. § 1915A.  Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).  In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (citation omitted).  The court construes pro se filings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### Background

Mr. Perfetto asserts that in 2011, he pleaded guilty to five counts of possessing child sex abuse images and was

sentenced to serve two consecutive 10- to 20-year prison terms.[2]
Prior to that conviction, in 2002, Mr. Perfetto was convicted on
61 counts of possession of child pornography, for which he was
sentenced to serve three to seven years in prison, with four
additional sentences suspended with conditions.  See State v.
Perfetto, 160 N.H. 675, 676, 7 A.3d 1179, 1181 (2010).
Following his 2011 conviction, Mr. Perfetto was incarcerated at
the NHSP until he was transferred to the Montana State Prison on
August 1, 2017.

Mr. Perfetto has filed two lawsuits challenging the
conditions of his confinement in Montana in the District of
Montana, Perfetto v. Harmon, No. 6:22-cv-00080-SEH (D. Mont.
filed Sept. 28, 2022) and Perfetto v. Cooper, No. 6:22-cv-00055-
SEH (D. Mont. filed July 7, 2022).[3]  Mr. Perfetto has also filed
multiple lawsuits in this court, in addition to this suit,
challenging the conditions of his confinement in Montana and New

---

[2] Mr. Perfetto also pleaded guilty to "seven counts of
failing to comply with sex offender registration and/or
reporting requirements."  Perfetto v. Warden, N.H. State Prison,
No. 16-cv-473-SM, 2019 DNH 061, 2019 U.S. Dist. LEXIS 52787, at
*1-*2, 2019 WL 1405837, at *1 (D.N.H. Mar. 28, 2019).

[3] Both of the prison conditions cases Mr. Perfetto filed in
the District of Montana have been dismissed.  See Harmon, 2022
U.S. Dist. LEXIS 226323, 2022 WL 1769013 (Dec. 15, 2022);
Perfetto v. Cooper, 2023 U.S. Dist. LEXIS 43054, 2023 WL 2500508
(Mar. 14, 2023).

Hampshire.  See Perfetto v. Poulin, 20-cv-528-PB (D.N.H. filed
Apr. 27, 2020); Perfetto v. Graves, 20-cv-527-JL (D.N.H. filed
Apr. 27, 2020); Perfetto v. Doe, 20-cv-526-SE-AJ (D.N.H. filed
Apr. 27, 2020); Perfetto v. Wilcox, 20-cv-525-SM-AJ (D.N.H.
filed Apr. 27, 2020); Perfetto v. Hanks, 18-cv-554-SE-AJ (D.N.H.
filed June 14, 2018); Perfetto v. Bennett, 15-cv-345-PB (D.N.H.
filed Aug. 25, 2015); Perfetto v. N.H. Dep't of Corr., Comm'r,
15-cv-244-JL (D.N.H. filed June 24, 2015); Perfetto v. Cusson,
14-cv-556-AJ (D.N.H. filed Jan. 30, 2015); Perfetto v. N.H.
Dep't of Corr., Comm'r, 14-cv-481-JD (D.N.H. filed Oct. 30,
2014); Perfetto v. Alexis, 12-cv-393-JL (D.N.H. filed Oct. 24,
2012); Perfetto v. N.H. State Prison, Warden, 06-cv-372-PB
(D.N.H. filed Oct. 11, 2006); Perfetto v. N.H. State Prison,
Warden, No. 06-cv-307-JL (D.N.H. filed Oct. 4, 2006).

In 2020, Mr. Perfetto brought suit in the New Hampshire
Superior Court seeking an order directing that he be transferred
from the Montana State Prison to the Secure Psychiatric Unit
("SPU") at the NHSP.  See State v. Perfetto, Case No. 2022-0414,
2023 N.H. LEXIS 171, at *1, 2023 WL 5815777, at *1 (N.H. Sept.
8, 2020).  The Superior Court granted his transfer petition, but
the New Hampshire Supreme Court ("NHSC") reversed that order on
appeal.  See id., 2023 N.H. LEXIS 171, at *13, 2023 WL 5815777,
at *5.  The NHSC Court remanded the case to the Superior Court

4

for further development of the record and for the trial court to "determine on remand whether [Mr. Perfetto] satisfied his burden of proving both requirements of [N.H. Rev. Stat. Ann. RSA § ("RSA")] 651:10." Id. That statute provides that the Superior Court "shall transfer any prisoner who is insane to the [SPU]." RSA 651:10. It appears that case is still pending.

## Discussion

In this case, Mr. Perfetto brings claims under § 1983, alleging that certain defendants, who are all officials or employees of the NHDOC: (1) denied him access to the courts by failing to assist with his legal research in three cases, in violation of his First and Fourteenth Amendment rights and his rights under the Interstate Corrections Compact ("ICC"); (2) failed to provide him with adequate mental health care by failing to oversee the mental health care he has received in Montana and/or failing to return him to New Hampshire to receive adequate mental health care, in violation of his Eighth Amendment rights and his rights under the ICC; and (3) failed to provide him with a parole hearing when he was eligible for

parole on his first of two consecutive sentences, in violation of his Fourteenth Amendment due process rights.[4]

I.  ICC Claims

Mr. Perfetto alleges that certain NHDOC officials violated his constitutional rights by failing to provide services or take actions that he alleges were required by the ICC.  The ICC is a state law, codified at RSA 622-B:2, which authorizes New Hampshire to contract with other states for the confinement of one another's prisoners.[5]

Section 1983 provides a cause of action to challenge the deprivation by state actors of rights secured by the United States Constitution and federal law.  See Fincher v. Town of Brookline, 26 F.4th 479, 486 (1st Cir. 2022) (citation omitted). Section 1983, however, does not provide a cause of action to enforce state law.  See Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 35 (1st Cir. 2020). Violations of the ICC, therefore, are not actionable under § 1983.  See Smith v. Cummings, 445 F.3d 1254, 1259 (10th Cir. 2006); Ghana v. Pierce, 159 F.3d 1206, 1209 (9th Cir. 1998).

---

[4] Mr. Perfetto voluntarily dismissed a fourth claim alleging that he had been improperly classified.  See May 8, 2023 Order.

[5] Montana has passed a version of the ICC.  See Mont. Code Ann. § 46-19-401.

Accordingly, to the extent Mr. Perfetto's claims are premised on alleged violations of the ICC, they are not cognizable in this action.

## II.  Denial of Access to the Courts Claims

Prisoners have a constitutional right to access the courts to challenge their sentences and to challenge the conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 355 (1996).  The right to access the court "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 346 (internal quotation mark omitted).  To state a claim for denial of access to the courts in violation of the First Amendment (or the Sixth or Fourteenth Amendments), a plaintiff must allege facts to demonstrate that he suffered an actual injury, that is, that he lost a chance to present or pursue a nonfrivolous claim that he has a constitutional right to pursue.  Id. at 351; Perfetto v. Hanks, Case No. 18-cv-554-SE, 2023 DNH 034, 2023 U.S. Dist. LEXIS 59963, at *13, 2023 WL 2753631, at *5 (D.N.H. Mar. 30, 2023); Collagan v. Aroostook Cty. Jail, 1:22-cv-362-JAW, 2023 U.S. Dist. LEXIS 39336, at *9, 2023 WL 2423268, at *4 (D. Me. Mar. 9, 2023).

Mr. Perfetto alleges that he was denied access to the courts when the defendants failed to provide him with necessary assistance with legal research in three cases: Perfetto v. Warden, 16-cv-473-SM (D.N.H.); Perfetto v. Englander, 2018-042 (N.H.), and Perfetto v. Cusson, 18-1124 (1st Cir.).  Mr. Perfetto alleges that the Montana State Prison has neither New Hampshire law or cases nor cases from the First Circuit Court of Appeals, and that Montana prison officials told him he could not get those materials at the Montana State Prison.  He further alleges that he asked NHDOC officials to provide legal assistance, but they refused.

Mr. Perfetto contends that the NHDOC defendants were required to, and failed to, provide him access to the courts to litigate his cases in New Hampshire.  When a prisoner is convicted and incarcerated in one state but then is transferred under the ICC to another state, courts have held that officials in the sending state retain responsibility to provide the prisoner with assistance necessary for access to the courts. See, e.g., Trujillo v. Williams, 465 F.3d 1210, 1226 (10th Cir. 2006) ("In the context of a plaintiff serving time in an out-of-state prison system pursuant to the ICC, 'the general rule imposes upon the sending state authorities the responsibility for ensuring their prisoners incarcerated in sister state

8

facilities are afforded access to state courts'" (citation
omitted)); Lehn v. Holmes, 364 F.3d 862, 866 (7th Cir. 2004);
Boyd v. Wood, 52 F.3d 820, 820-21 (9th Cir. 1995) (per curiam)
("state authorities maintain responsibility for providing state
legal materials to their prisoners incarcerated in out-of-state
facilities"); Hannon v. Allen, 241 F. Supp. 2d 71, 74-75 (D.
Mass. 2003) (responsibility to provide prisoner access to the
courts while he is incarcerated in a state other than the
sentencing state is shared between the sending and receiving
jurisdiction (citing Rich v. Zitnay, 644 F.2d 41, 43 n.1 (1st
Cir. 1981)).  Therefore, NHDOC prisoners incarcerated out of
state may assert claims alleging a denial of access to the
courts at the out-of-state prison may proceed on those claims
against NHDOC defendants.

In support of his claim, Mr. Perfetto relies on his efforts
to litigate one case in this court, one case before the New
Hampshire Supreme Court, and one case before the First Circuit
Court of Appeals.  Mr. Perfetto, proceeding pro se, filed a
petition for a writ of habeas corpus in this court, Perfetto v.
Warden, 16-cv-473-SM (D.N.H.).  As Mr. Perfetto acknowledges,
counsel was appointed to represent him in that case, and counsel
opposed the defendant's motion to dismiss on Mr. Perfetto's
behalf.  See ECF No. 4; see also Jan. 16, 2019 Order.  Mr.

9

Perfetto, therefore, had trained legal assistance in the habeas case in this Court, which precludes his claim for denial of access to the courts based on the defendants' failure to assist him with legal research.  Cf. Caraballo v. Fed. Bureau of Prisons, 124 F. App'x 284, 285 (5th Cir. 2005) (per curiam) ("Because [the plaintiff] had court-appointed counsel [in the relevant legal proceeding], he had no constitutional right of access to a law library in preparing [for that proceeding].");  cf. also Cortez v. Mici, Civil Action No. 23-CV-10051-AK, 2023 U.S. Dist. LEXIS 186953, at *7, 2023 WL 6881771, at *2 (D. Mass. Oct. 17, 2023).

In Perfetto v. Englander, 2018-042 (N.H.), the NHSC affirmed the dismissal of Mr. Perfetto's claim against Dr. Celia Englander on statute of limitation grounds.  Id. 2019 WL 2743486 (N.H. June 20, 2019).  In that case, Mr. Perfetto raised the issue of his lack of access to New Hampshire law, but neither the Superior Court nor the NHSC found that he lacked such access.  See id. at *2. Mr. Perfetto does not provide any explanation as to how a lack of access to New Hampshire law prevented him from pursuing a nonfrivolous claim or changed the outcome in that case to his detriment.

In Perfetto v. Cusson, 18-1124 (1st Cir.), Mr. Perfetto appealed the dismissal of his claims alleging "deficiencies in

prison mail and medical treatment." Perfetto v. Ellis, No. 18-1124, 2019 U.S. App. LEXIS 39599, at *1, 2019 WL 11029626, at *1 (1st Cir. Oct. 2, 2019).  The First Circuit affirmed the district court's conclusion that the challenged mail restrictions did not violate Mr. Perfetto's constitutional rights as those restrictions served legitimate penological purposes, and also found that Mr. Perfetto's allegations did not state Eighth Amendment claims based on allegedly inadequate medical care. Id. 2019 U.S. App. LEXIS 39599, at *2, 2019 WL 11029626, at *1. The court also concluded that Mr. Perfetto waived his claim related to receiving injections and failed to state a claim for a constitutional violation based on his suicidal thoughts. Id. 2019 U.S. App. LEXIS 39599, at *4, 2019 WL 11029626, at *2.  Here, Mr. Perfetto has not alleged facts to show that he had a nonfrivolous claim in that case which was impaired or lost due to a lack of legal research assistance.

Mr. Perfetto has not alleged facts to show that the defendants' failure to provide him with legal research assistance caused him actual injury in violation of his constitutional rights.  Therefore, the court should dismiss Mr. Perfetto's claims alleging denial of access to the courts.

11

III. <u>Mental Health Care Claims</u>

Mr. Perfetto alleges that he had adequate mental health care while he was incarcerated in New Hampshire, and that the Montana State Prison has not provided the same level of care.[6] Here, he brings claims against NHDOC officials, arguing that under the ICC, those defendants should have authorized better treatment in Montana or transferred him back to New Hampshire. He contends that the named NHDOC officials are responsible for officials at the Montana State Prison breaching the ICC by failing to provide him with individual mental health therapy. He also appears to allege that the NHDOC defendants are breaching the ICC by failing to require certain mental health treatment in Montana, or by failing to transfer him back to New Hampshire to obtain that level of care.

As explained above, Mr. Perfetto cannot bring a claim under § 1983 to enforce the ICC.  To the extent Mr. Perfetto's mental health care claims allege a violation of the ICC, therefore, the District Judge should dismiss those claims.

To the extent Mr. Perfetto alleges that named NHDOC defendants have denied him adequate mental health care in

---

[6] As is noted above, Mr. Perfetto is seeking an order in state court that he be transferred from the Montana State Prison to the SPU at the NHSP. That case is pending.

violation of the Eighth Amendment, to succeed on that claim, he must allege facts to show that those defendants were deliberately indifferent to his serious need for mental health treatment.  See Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991).

Mr. Perfetto is incarcerated in Montana pursuant to a contract between New Hampshire and Montana, under the ICC, "which allows receiving and sending states to allocate burdens between themselves for the care of inmates and afford a prisoner convicted out-of-state with the same rights as a prisoner convicted in-state."  Lehn, 364 F.3d at 866-67.  Mr. Perfetto has not provided the Court with a copy of that contract, or otherwise stated the specific manner in which that contract divides the responsibility for his mental health care.  For purposes of preliminary review, the Court assumes, without deciding, that the NHDOC defendants can be held responsible for Mr. Perfetto's mental health treatment in Montana.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Abernathy v. Anderson, 984 F.3d 1, 6 (1st Cir. 2020) (citations omitted).  The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate nutrition, medical services, and

mental health care.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Mr. Perfetto has asserted sufficient facts to demonstrate that his mental health problems constitute a serious medical issue in need of treatment.  To prevail on an Eighth Amendment claim, a prisoner must also present evidence of the defendant's culpable state of mind.  See Kosilek v. Spencer, 774 F.3d 63, 83 (1st Cir. 2014).  A showing of deliberate indifference to a substantial risk of serious harm satisfies the subjective prong of an Eighth Amendment claim.  See Farmer, 511 U.S. at 834.  To establish deliberate indifference, the prisoner must demonstrate that defendants were aware of his serious medical issue and need for treatment, or were aware of facts giving rise to an inference of his serious medical problem and need for treatment; that the defendants actually drew the inference that such a risk existed; and that the defendants, by act or omission, failed to reasonably respond to Mr. Perfetto's need for mental health treatment.  See id. at 828-29; Leite v. Bergeron, 911 F.3d 47, 52–53 (1st Cir. 2018).  Deliberate indifference is a more culpable state of mind than negligence and "requires evidence that the failure in treatment was purposeful." Kosilek, 774 F.3d at 83.

14

Prisons are not required to provide ideal care or a prisoner's choice of care. Snell v. Neville, 998 F.3d 474, 495 (1st Cir. 2021). Further, disagreements between the prisoner and the prison medical providers or prison officials about the appropriate course of treatment are not actionable. See Kosilek, 774 F.3d at 82.

Mr. Perfetto alleges that he has received mental health treatment at the Montana State Prison, but that he has not received additional or different treatment he sought there, that he had problems receiving treatment because of staffing issues during the COVID pandemic, and because of his assigned housing and other restrictions imposed due to disciplinary issues. Mr. Perfetto also claims that he received better mental health care when he was incarcerated at the NHDOC. Specifically, Mr. Perfetto alleges that in Montana he was provided with group therapy, whereas at the NHDOC he was provided with individual therapy, which he believes he needs. Additionally, Mr. Perfetto states that he was not always able to participate in group therapy in Montana because of housing placements, restrictions placed on him due to his disciplinary matters, and/or because he believed he needed individual therapy. Mr. Perfetto also faults the NHDOC defendants for failing to require Montana prison officials to send him to the Montana State Psychiatric Hospital.

Mr. Perfetto alleges that he sent letters to NHDOC officials about obtaining what he believed would be appropriate mental health care, and the officials responded to those letters and were therefore aware that Mr. Perfetto believed his mental health treatment in Montana was insufficient.  The defendants were also aware, due to the letters, that Mr. Perfetto was receiving some treatment for his medical care.  Although Mr. Perfetto believes he needs individual therapy, but has only been provided with group therapy in Montana, he has not shown that the NHDOC defendants were aware that the treatment he was receiving was actually inadequate to his mental health needs, and that they nevertheless failed to take reasonable steps to resolve the problem.  At best, he has demonstrated that he was not provided with the treatment of his choice, or that there might have been better ways to treat him than those he was provided.  As Mr. Perfetto has failed to assert facts demonstrating that the defendants were deliberately indifferent to his need for mental health care, the District Judge should deny his claims concerning his mental health care in Montana.

IV.  Denial of Parole Eligibility Claims

Mr. Perfetto alleges that the NHDOC Parole Board Chairperson, members of the Parole Board, and two case

counselors at the NHSP violated his Fourteenth Amendment due process rights and his Eighth Amendment right not to be subject to cruel and unusual punishment by not providing him a parole hearing when he became eligible for parole with regard to his first sentence.  In support of these claims, Mr. Perfetto states that his minimum parole date on the first of his two 10-20 year sentences was December 28, 2020.  He alleges that because he has not had a hearing, he has not yet been paroled from his first sentence to his second (consecutive) sentence.  Mr. Perfetto states that he is now serving "dead time," in that the time he is serving now is still being credited against his first sentence and not his second sentence.[7]  Mr. Perfetto asserts that the lack of a parole hearing has affected his liberty interests, because if he had been paroled to his second sentence when he was first eligible for parole on his first sentence, the time he

---

[7] Mr. Perfetto alleges that he is now serving "dead time," which is time that is not credited toward any sentence and which therefore does not serve to hasten his release date. See Jones v. FCI Berlin, Warden, Civil No. 17-cv-365-LM, 2018 DNH 25, 2018 U.S. Dist. LEXIS 19796, at *7, 2018 WL 748319, at *3 (D.N.H. Feb. 7, 2018).  Mr. Perfetto was sentenced to a maximum aggregated term of forty years in prison, and nothing before the Court suggests that any of the time he has served toward that sentence is not being credited toward that maximum term.

17

has served since December 28, 2020 would have been credited against his second sentence.[8]

Mr. Perfetto alleges that he wrote to his NHDOC case manager in May 2020, requesting a parole hearing.  He alleges that his parole hearing was scheduled for August 5, 2021, but that he was denied parole because he was then classified as being in "close custody," a maximum security classification.  He alleges that he will not be eligible for reclassification to medium custody until May 2024 because he assaulted another inmate.

Convicted prisoners do not have a constitutional due process right or a liberty interest in being released on parole before completing their full sentence(s).  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  A Fourteenth Amendment due process right to parole exists only if state law creates such a right, and New Hampshire law does not

---

[8] Mr. Perfetto does not allege that he would be eligible for immediate release if he were granted parole from his first 10-20 year sentence.  Were he to be granted parole prior to the maximum date of his first sentence, he would be paroled to his consecutive 10-20 year sentence.  For that reason, the court interprets his parole-related claims to be actionable pursuant to 42 U.S.C. § 1983.  See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  To the extent Mr. Perfetto is challenging the duration of his confinement, he must do so in a separate habeas corpus action under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973).

create such a right or otherwise provide prisoners with a liberty interest in parole.  See Chartier v. N.H. Dep't of Corr., Civil No. 16-cv-127-PB, 2016 U.S. Dist. LEXIS 64631, at *6, 2016 WL 3001274, at *3 (Apr. 14, 2016) (citations omitted), R&R adopted, 2016 U.S. Dist. LEXIS 64635, at *1, 2016 WL 2888976, at *1 (D.N.H. May 17, 2016); see also Ainsworth v. Stanley, 317 F.3d 1, 5 (1st Cir. 2002) (neither federal law nor New Hampshire law provides prisoners a "liberty right" to parole).  Because Mr. Perfetto has no liberty interest in being paroled from his first sentence prior to the expiration of the maximum term of his first sentence, he cannot state a Fourteenth Amendment claim based on the NHDOC's failure to hold a parole hearing or to grant him parole, and the District Judge should dismiss that claim.

## **Conclusion**

For the foregoing reasons, the district court judge should dismiss the complaint (Doc. No. 1) in its entirety for failure to state a claim upon which relief might be granted.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

January 22, 2024

cc: Jonathan Andrew Perfetto, pro se